UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>JOHN MAGEE GAVIN )<br>)<br>Defendant )<br>) | Civil Action No. 25-cr-10292 |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant John Magee Gavin submits this Memorandum in support of the 120-month sentence agreed upon by the parties. Given Mr. Gavin's personal history, his prompt and total acceptance of responsibility and his rehabilitative efforts, the requested sentence is sufficient but not greater than necessary to effectuate the goals of sentencing set forth in 18 U.S.C. §3553(a). Given Mr. Gavin's admitted and undisputed need for treatment, he requests that this Court recommend placement at the Federal Correctional Complex Butner ("FCC Butner"), one of the few federal prisons that offers a long-term treatment program for sex offenders.

### ARGUMENT

The Court is not bound by the sentencing guidelines as they are only one factor for its consideration in imposing a sentence. *United States v. Booker*, 543 U.S. 225 (2005). The Court calculates the guideline range and, after arguments by the parties, it "consider[s] all of the

§3553(a) factors to determine whether they support a sentence requested by a party." *United States v. Gall*, 552 U.S. 38, 49-50 (2007). Ultimately, the Court must craft an individualized sentence that is "*minimally* sufficient to achieve the broad goals of sentencing." *United States v. Rodriguez*, 527 F.3d 221, 228 (1st Cir. 2008) (emphasis added). The Court may vary from the sentencing guidelines based on the §3553(a) factors, including the characteristics of the defendant. *United States v. Martin*, 520 F.3d 87, 92 (1st Cir. 2008) (affirming sentence with 91-month downward variance where defendant showed significant potential for rehabilitation).

I. **Advisory Guidelines Range**

Mr. Gavin agrees that, as set forth in the PSR, his Total Offense level is 33 and his Criminal History is I, resulting in an advisory sentencing guideline range of 135 to 168 months imprisonment. The jointly recommended sentence of 120 months represents an 11% variance from the bottom of that range.

II. **The Recommended Sentence Meets the Goals of §3553(a)**

A. <u>The Nature and Circumstances of the Offense</u>

Mr. Gavin does not minimize the severity of the offense or his conduct for which he is being sentenced. He does point out in mitigation, however, that he never met or sought to meet with his victims in person, he never offered or paid them any money and that he disclosed his age when starting the chats. He never threatened or coerced the girls to continue either chatting with him or sending pictures and videos to him.

B. <u>Mr. Gavin's History and Characteristics</u>

As the many character letters (attached collectively as Exhibit A) attest, John Magee Gavin is a hardworking, respectful, generous, kind individual who has always been a little different. He was bullied throughout his school years and became introverted and socially awkward. As his brother writes, "There were stories of spitballs that got lodged in his ear, of the names he wouldn't repeat in front of my young ears, of other students snapping rubber bands on his neck." (Letter of Joseph LaBrasca). Rather than resulting in anger or aggression, he became empathetic and kind to others, helping them in any way he could. As one friend reports, "I know John as encouraging and supportive to anyone in need, naturally balancing positivity and empathy in reaction to other's challenges." (Letter of Rochelle Duffy). He left the festivities of his own wedding to help someone who he noticed was having difficulties walking. (Letter of Mark Cantfil). At a holiday gathering, he was the first one to notice and respond to a medical emergency of someone celebrating with him and his parents. (Letter of Martin Mansfield). He has volunteered and contributed to organizations that protect animals and that help veterans with PTSD. As one friend summed up, "at his core, he is a kind, decent human being." (Letter of Barbara Timkin, attached as Exhibit A).

Perhaps because of his social awkwardness, John turned to the internet to seek sexual satisfaction through pornorgraphy. He became addicted and escalated from just sending and receiving pornographic pictures to chatting with underaged girls and asking them to send him videos. He realized that it was wrong but couldn't stop and was too embarrassed to seek help. As soon as his conduct became public, he did seek help by enrolling in a sexual addiction program at the Keystone Center. He also suffers from major depression, generalized anxiety disorder and PTSD. (Evaluation Report, filed under seal as Exhibit B). Currently he is

3

voluntarily participating in mental health treatment at the Plymouth County Detention Facility. He realizes that he needs to have long-term treatment and requests that the Court recommend that he be sentenced to FCC Butner and that he be able to start the treatment program there as soon as possible. As his stepfather writes, "Magee is committed to his recovery and rehabilitation." As the character letters make clear, John has the full support of his family, which makes it more likely that his rehabilitative efforts will succeed. After a complete evaluation, Leo Keating, a licensed Social Worker who works with may sex offenders, concluded that Mr. Gavin has the "capacity to return to living in the community safely." Id.

### C. The Need for the Sentence Imposed

A ten-year sentence is a severe punishment for Mr. Gavin and a strong deterrent to others from engaging in similar acts. A decade is a long time. Not only will Mr. Gavin miss the comforts of home and the freedom to engage in everyday events with his family and friends, he will miss many milestone events such as weddings, births and funerals. The few friends that he has will naturally drift away during his period of incarceration. Even when he gets released, he will be required to register as a sex offender and will be isolated in his community. His wife divorced him as a result of the charges and will not be there to support him during his incarceration. He will never be able to teach at an elementary, middle or high school again and his opportunities for employment will be severely limited.

Serving his sentence at FCC Butner will facilitate Mr. Gavin rehabilitation as it will ensure that he gets the treatment he needs. Mr. Gavin is seeking that placement even though it will place him farther away from is family, which will necessarily limit their visits. He is

committed to continuing his treatment upon release to ensure that he never engages in sexual misconduct again.

### III.  Restitution, Fines and Special Assessments

Mr. Gavin currently has no assets and no income. His wife obtained sole ownership of their condo in the divorce. Mr. Gavin used his share of the proceeds of the divorce to pay his attorneys and pay off his debts. As he will have very limited employment opportunities upon release, he requests that the Court waive the AVAA special assessment and not impose a fine.

One victim has requested restitution in the amount of $5,000. Mr. Gavin agrees to that amount so that a restitution hearing will not be necessary. Mr. Gavn will pay restitution within 30 days of sentencing by borrowing from his family to avoid prolonged collection efforts.

### CONCLUSION

Mr Gavin respectfully requests that this Court accept the parties agreed upon sentence of 120 months, that the Court order restitution in the amount of $5,000, that it waive the AVAA assessment and not impose a fine.

Dated: March 5, 2026

Respectfully submitted,

/s/ Tracy A. Miner
Tracy A. Miner, BBO No. 547137
MS DEFENDERS LLP
101 Federal Street, Suite 650
Boston, MA 02110
Tel: (617) 202-5890
tminer@msdefenders.com

5

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF on counsel for the government on March 5, 2026.

/s/ Tracy A. Miner
Tracy A. Miner